IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **JENNIFER DENISE QUIAMBAO** | * | **CIVIL ACTION NO. 05-1170** |
| **VERSUS** | * | **JUDGE JAMES** |
| **LOUISIANA CORRECTIONAL INSTITUTE FOR WOMEN** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of *Habeas Corpus* (Doc. #1) pursuant to 28 U.S.C. §2254 filed by *pro se* petitioner Jennifer Denise Quiambao ("Quiambao"). Claim VI of Quiambao's petition alleges that the State failed to provide Quiambao with exculpatory material. Quiambao claims that the incident report refers to crime scene photos, a 9-1-1 telephone call transcript, and statements made by Francis Marler, Jason Marler, Huey Marler, and Cassandra Downs, but that Quiambao did not receive this material.

The State responded (Doc. #14) stating that Francis Marler and Huey Marler are Quiambao's parents and Jason Marler is Quiambao's son. The State contends that Quiambao could have subpoenaed them if she thought their testimony would be helpful. Quiambao replied (Doc. #15), stating that her mother, Francis Marler, died December 3, 1999, well before her trial in 2001. The State also argued that Cassandra Downs testified for the State and was cross-examined by the defense. The State did not address the crime scene photos or the 9-1-1 telephone call transcript in its response. The State contends that Quiambao failed to show that the information she sought constituted exculpatory evidence and therefore has shown no actual prejudice.

1

Upon a defense request, the state must disclose evidence that is favorable to the defendant when it is material to the defendant's guilt or punishment. *Brady v. Maryland*, 373 U.S. 83 (1963). A defendant may not be denied exculpatory statements made by a witness other than the defendant, provided the statements are material and relevant to the issue of guilt or punishment. *State v. Ates*, 418 So.2d 1326 (La. 1982).

Without reviewing the documents at issue, the undersigned can not make a determination regarding whether they were exculpatory and thus required to be disclosed under *Brady*.

**THEREFORE, IT IS HEREBY ORDERED** that, on or before **May 20, 2006**, the State provide the undersigned copies of the **incident report** and the allegedly exculpatory documents: **crime scene photos, 9-1-1 telephone call transcript, and statements made by Francis Marler, Jason Marler, Huey Marler, and Cassandra Downs**. The Court will conduct an *in camera* inspection to determine whether the documents contain exculpatory material to which Quiambao was entitled under *Brady*.

THUS DONE AND SIGNED at Monroe, Louisiana, this 20th day of April 2006.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE