# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **JENNIFER DENISE QUIAMBAO** | **CIVIL ACTION NUMBER 05-1170** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JOHNNIE JONES, WARDEN** | **MAG. JUDGE KAREN L. HAYES** |

# RULING

Pending before the Court is a Petition for Writ of Habeas Corpus [Doc. No. 1] filed by pro se Petitioner Jennifer Denise Quiambao. Petitioner originally raised eleven claims, but on January 19, 2006, the Court issued a Judgment dismissing Claims I, II, and X. On May 5, 2006, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 27] in which she recommended dismissal of the remaining claims.

Having reviewed the record in this matter, including Petitioner's objection to the Report and Recommendation, the Court agrees with and adopts Magistrate Judge Hayes' Report and Recommendation with the following exception:

On pages 13-14 of the Report and Recommendation, Magistrate Judge Hayes recounts the state appellate court's findings on Petitioner's claim that she acted in self-defense. Magistrate Judge Hayes then concludes:

> This Court may not grant *habeas* relief based on Petitioner's claim that her
> counsel failed to argue self-defense because the state court previously adjudicated
> the self-defense argument. Furthermore, the state court's decision was not

1

contrary to Federal law as determined by the United States Supreme Court.
[Doc. No. 27, p. 14].

Although the Court agrees with Magistrate Judge Hayes that Petitioner has failed to meet her burden on the self-defense claim, the Court DECLINES TO ADOPT her conclusion. The Court finds that Petitioner has failed to meet her burden to show that her counsel was ineffective because he did not present the valid defense of self-defense. Because the state appellate court adjudicated this claim, Petitioner can obtain habeas relief only if she shows that the state court's decision was contrary to Federal law, as defined in Supreme Court precedent, or that the state court's determination of the facts was unreasonable in light of the evidence in the record. In this case, Petitioner failed to meet her burden on these alternative tests: she has not presented any argument showing that the state court's decision was contrary to Federal law, nor has she shown by clear and convincing evidence that the state court's factual findings were incorrect.

THUS DONE AND SIGNED this 19TH day of June, 2006, in Monroe, Louisiana.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE